## IN THE UNITED STATE DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **MARK GIRARDEAU and ROSEMARY GIRARDEAU**, 2011 Jo Dan Road  Register, Georgia 30452 | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) No: |
| **JACK ANDREW HOBBS,** | ) ) |
| SERVE:  13 Wood Oaks Drive  St. Peters, Missouri 63376 | ) ) ) |
| **DAVID STOJKOVIC,** | ) ) |
| SERVE:  526 Dempster Street, Apt. 1  Mount Prospect, Illinois 60056 | ) ) ) |
| **VIKTOR EXPRESS, INC.**  2860 South River Road, Suite 460  DesPlaines, Illinois 60018 | ) ) ) ) |
| SERVE:  Edyta Ksiag  630 Tollgate Road, Unit B  Elgin, Illinois, 60123 | ) ) ) ) |
| **USAA RECIPROCAL INTERINSURANCE EXCHANGE** | ) ) |
| SERVE:  Corporation Service Company  2 Sun Court, Suite 400  Peachtree Corners, GA 30092 | ) ) ) ) |
| Defendants. | ) ) |

## **PETITION**

Comes the Plaintiffs, Mark Girardeau and Rosemary Girardeau, by counsel, and for their cause of action against the Defendants, state as follows:

1

## PARTIES

1. The Plaintiff, Mark Girardeau, is an adult resident of Bulloch County, Georgia.

2. The Plaintiff, Rosemary Girardeau, is an adult resident of Bulloch County, Georgia.

3. The Defendant, Jack Andrew Hobbs, is now and was at all times relevant hereto an adult resident of St. Charles County, Missouri with a last known mailing address of 13 Wood Oaks Drive, St. Peters, Missouri 63376.

4. The Defendant, David Stojkovic, is now and was at all times relevant hereto an adult resident of Cook County, Illinois with a last known mailing address of 526 Dempster Street, Apt. 1, Mount Prospect, Illinois, 60056.

5. The Defendant, Viktor Express, Inc., was at the time of this incident, a corporation with its principal place of business located at 2860 South River Road, Suite 460, Desplaines, Illinois 60018 and has designated Edyta Ksiag, 630 Tollgate Road, Unit B, Elgin, Illinois 60123, as its agent for service of process.

6. The Defendant, USAA Reciprocal Interinsurance Exchange ("USAA"), is a corporation with its principal place of business located in San Antonio Texas and has designated Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092, as its agent for service of process.

## JURISDICTION AND VENUE

7. The acts, omissions, injuries and resulting damages hereinafter described occurred on Interstate 44 in Phelps County, Missouri.

8. The Plaintiffs are residents of the State of Georgia.

9. The Defendant Jack Andrew Hobbs is a resident of Missouri.

10. The Defendant David Stojkovic is a resident of the State of Illinois.

11. The Defendant Viktor Express, Inc., is a corporation that is existing and doing business under the laws of the State of Illinois.

12. The amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

13.  This court has original jurisdiction pursuant to 28 USC Section 1332(a)(1), because the parties are citizens of different states and because the amount in controversy exceeds $75,000.00.

14. Venue is proper in the Eastern District of Missouri pursuant to 28 USC Section 1391(d).

## FACTS

15.  That on or about February 4, 2018, the Plaintiffs, Mark Girardeau and Rosemary Girardeau, occupied the power unit of a tractor-trailer traveling eastbound on Interstate 44 in Phelps County, Missouri.

16. At or about the same time and place Defendant, Jack Andrew Hobbs, was operating his vehicle traveling eastbound on Interstate 44 in Phelps County, Missouri, and at that time and place the vehicle operated by Defendant, Jack Andrew Hobbs, collided with the tractor-trailer occupied by the Plaintiffs.

17. At or about the same time and place Defendant, David Stojkovic, was operating a tractor-trailer traveling eastbound on Interstate 44 in Phelps County, Missouri, and at that time and place the vehicle operated by Defendant, David Stojkovic, collided with the tractor-trailer occupied by the Plaintiffs.

## COUNT I

18. The Plaintiffs adopt and incorporate the above paragraphs as if stated verbatim herein.

19. At all times relevant herein Defendant, Jack Andrew Hobbs, had a duty to operate his automobile with a reasonable amount of care and prudence so as to avoid causing injuries to the public at large including the Plaintiff, Mark Girardeau.

20. The Defendant, Jack Andrew Hobbs, breached his duty, was negligent, and failed to operate his motor vehicle in an ordinarily reasonable and prudent manner by committing one or more of the following negligent acts or omissions:

    a) Negligently and carelessly failed to keep proper lookout ahead and laterally;

    b) Negligently and carelessly failed to keep his automobile under proper control;

    c) Negligently and carelessly drove too fast for conditions;

    d) Negligently and carelessly failed to sound his horn;

    e) Negligently and carelessly failed to apply his brakes to avoid an accident.

21. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions the Defendant, Jack Andrew Hobbs, caused the Plaintiff, Mark Girardeau, to sustain serious and permanent personal injuries, to become liable in the past and in the future for medical care and treatment for those injuries in excess of $50,000.00, to suffer great pain and anguish in the past and in the future, to incur lost wages, to suffer permanent impairment of his ability to earn, and to be otherwise hindered in the performance of his day to day activities.

## COUNT II

22. The Plaintiffs adopt and incorporate the above paragraphs as if stated verbatim herein.

23. That at all times relevant Plaintiff, Mark Girardeau, was the lawful husband of Plaintiff, Rosemary Girardeau.

24. As a direct and proximate result of the aforesaid negligence of Defendant, Jack Andrew Hobbs, the Plaintiff, Rosemary Girardeau, has lost the society, companionship, affection, and consortium of her husband, Plaintiff, Mark Girardeau.

## COUNT III

25. The Plaintiffs adopt and incorporate the above paragraphs as if stated verbatim herein.

26. At all times relevant herein Defendant, Jack Andrew Hobbs, had a duty to operate his automobile with a reasonable amount of care and prudence so as to avoid causing injuries to the public at large including the Plaintiff, Rosemary Girardeau.

27. The Defendant, Jack Andrew Hobbs, breached his duty and was negligent and failed to operate his motor vehicle in an ordinarily reasonable and prudent manner by committing one or more of the following negligent acts or omissions:

    a) Negligently and carelessly failed to keep proper lookout ahead and laterally;

    b) Negligently and carelessly failed to keep his automobile under proper control;

    c) Negligently and carelessly drove too fast for conditions;

    d) Negligently and carelessly failed to sound his horn;

    e) Negligently and carelessly failed to apply his brakes to avoid an accident.

28. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions the Defendant, Jack Andrew Hobbs, caused the Plaintiff, Rosemary Girardeau, to sustain serious and permanent personal injuries, to become liable in the past and in the future for medical care and treatment for those injuries in excess of $50,000.00, to suffer great pain and anguish in the past and in the future, to incur lost wages, to suffer permanent impairment of her ability to earn, and to be otherwise hindered in the performance of her day to day activities.

## COUNT IV

29. The Plaintiffs adopt and incorporate the above paragraphs as if stated verbatim herein.

30. That at all times relevant Plaintiff, Rosemary Girardeau, was the lawful wife of Plaintiff, Mark Girardeau.

31. As a direct and proximate result of the aforesaid negligence of Defendant, Jack Andrew Hobbs, the Plaintiff, Mark Girardeau, has lost the society, companionship, affection and consortium of his wife, Plaintiff, Rosemary Girardeau.

## COUNT V

32. The Plaintiffs adopt and incorporate the above paragraphs as if stated verbatim herein.

33. At all times relevant herein Defendant, David Stojkovic, had a duty to operate his vehicle with a reasonable amount of care and prudence so as to avoid causing injuries to the public at large including the Plaintiff, Mark Girardeau.

34. The Defendant, David Stojkovic, breached his duty and was negligent and failed to operate his motor vehicle in an ordinarily reasonable and prudent manner by committing one or more of the following negligent acts or omissions:

   a) Negligently and carelessly failed to keep proper lookout ahead and laterally;

   b) Negligently and carelessly failed to keep his automobile under proper control;

   c) Negligently and carelessly drove too fast for conditions;

   d) Negligently and carelessly failed to sound his horn;

   e) Negligently and carelessly failed to apply his brakes to avoid an accident.

35. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions the Defendant, David Stojkovic, caused the Plaintiff, Mark Girardeau, to sustain serious and permanent personal injuries, to become liable in the past and in the future for medical care and treatment for those injuries in excess of $50,000.00, to suffer great pain and anguish in the past and in the future, to incur lost wages, to suffer permanent impairment of his ability to earn, and to be otherwise hindered in the performance of his day to day activities.

## COUNT VI

36. The Plaintiffs adopt and incorporate the above paragraphs as if stated verbatim herein.

37. At all times relevant herein Defendant, David Stojkovic, had a duty to operate his vehicle with a reasonable amount of care and prudence so as to avoid causing injuries to the public at large including the Plaintiff, Rosemary Girardeau.

38. The Defendant, David Stojkovic, breached his duty and was negligent and failed to operate his motor vehicle in an ordinarily reasonable and prudent manner by committing one or more of the following negligent acts or omissions:

    a)  Negligently and carelessly failed to keep proper lookout ahead and laterally;

    b)  Negligently and carelessly failed to keep his automobile under proper control;

    c)  Negligently and carelessly drove too fast for conditions;

    d)  Negligently and carelessly failed to sound his horn;

    e)  Negligently and carelessly failed to apply his brakes to avoid an accident.

39. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions the Defendant, David Stojkovic, caused the Plaintiff, Rosemary Girardeau, to sustain serious and permanent personal injuries, to become liable in the past and in the future for medical care and treatment for those injuries in excess of $50,000.00, to suffer great pain and anguish in the past and in the future, to incur lost wages, to suffer permanent impairment of his ability to earn, and to be otherwise hindered in the performance of her day to day activities.

## COUNT VII

40.  The Plaintiffs adopt and incorporate the above paragraphs as if stated verbatim herein.

41.  At the time of the aforementioned collision, the Defendant, David Stojkovic, was acting within the course and scope of his employment with Defendant, Viktor Express, Inc.

42. The Defendant Viktor Express, Inc. is vicariously liable to the Plaintiff, Mark Girardeau, for the negligence of David Stojkovic.

43. The Plaintiff, Mark Girardeau, is entitled to recover from the Defendant, Viktor Express, Inc., in an amount that exceeds the jurisdictional minimums of this Court.

## COUNT VIII

44. The Plaintiffs adopt and incorporate the above paragraphs as if stated verbatim herein.

45. At the time of the aforementioned collision, the Defendant, David Stojkovic, was acting within the course and scope of his employment with Defendant, Viktor Express, Inc.

46. The Defendant is vicariously liable to the Plaintiff, Rosemary Girardeau, for the negligence of David Stojkovic.

47. The Plaintiff, Rosemary Girardeau, is entitled to recover from the Defendant, Viktor Express, Inc., in an amount that exceeds the jurisdictional minimums of this Court.

## COUNT IX

48. At the time of the aforementioned collision, the Plaintiffs were covered by a policy of insurance issued by Defendant, USAA. The aforementioned policy included underinsured motorist coverage.  As a result of the negligence of the Defendant, Jack Andrew Hobbs, and Defendant, David Stokjovic the Plaintiffs have suffered injuries and damages that exceed the available liability insurance coverage for the Defendants.

49. The Plaintiffs are entitled to recover from the Defendant, USAA, to the extent their injuries and damages exceed the liability limits providing coverage for the Defendant, Jack Andrew Hobbs, and Defendant, David Stokjovic.

Respectfully submitted,
**FLINT LAW FIRM, LLC**

By: */s/ Lawrence K. Holcomb*
Lawrence K. Holcomb #71331 (MO Bar)
                    #6328944IL (EDMO)
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, Illinois 62025
(618) 288-4777:  telephone
(618) 288-2864:  facsimile
PIService@flintlaw.com