UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK GIRARDEAU, *et al.*,   )<br>                                                        )<br>       Plaintiffs,                          )<br>                                                        )<br>   vs.                                            )<br>                                                        )<br>JACK ANDREW HOBBS, *et al.*,    )<br>                                                        )<br>       Defendants.                      ) | Case No. 4:21-cv-01265-MTS |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Strive Logistics, LLC's ("Strive Logistics") Motion to Dismiss, Doc. [69], in which it seeks the dismissal of both counts against it in Plaintiffs' Second Amended Complaint, Doc. [47], pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the Court will grant the Motion and dismiss Plaintiffs' claims against Strive Logistics.

**I.     Background**

In February 2018, Plaintiffs Mark and Rosemary Girardeau were in the cab of a tractor-trailer traveling on Interstate 44 in Phelps County, Missouri when two vehicles struck the tractor-trailer in which Plaintiffs were. Plaintiffs subsequently filed this action asserting multiple claims against multiple Defendants. In Counts I and II, they assert negligence claims against the drivers of each vehicle that struck the vehicle in which Plaintiffs were, Defendant Jack Andrew Hobbs and Defendant David Stojkovic, respectively. In Count III through V, they assert claims against Defendant Viktor Express, Inc. ("Viktor Express"), which they allege employed Defendant Stojkovic. Specifically, Count III asserts a claim of "vicarious liability," Count IV asserts "statutory employment/logo/lease liability," and Count V asserts "direct negligence negligent

hiring and/or training and/or supervision." Doc. [47] at 8–10 (capitalization altered). Counts VI through VIII asserted claims against BBCL Freight, LLC ("BBCL Freight"), but Plaintiffs have since dismissed, without prejudice, their claims against BBCL Freight. *See* Doc. [89]. Finally Counts IX and X assert claims for "vicarious liability" and "direct negligence negligent hiring and/or training and/or supervision," respectively, against Strive Logistics. *Id.* at 12–13 (capitalization altered). Plaintiffs allege that Strive Logistics was "a broker" and "acted as a joint venturer" with BBCL Freight "and/or" Viktor Express. *Id.* ¶¶ 28, 67.

In the instant Motion, Strive Logistics seeks dismissal of both Counts against it because, it says, Plaintiffs have failed to state a claim against it upon which relief can be granted for two reasons. *See* Fed. R. Civ. P. 12(b)(6). *First*, Strive Logistics argues that Plaintiffs have failed to state a claim because Plaintiffs' claims are preempted by federal law, specifically the Federal Aviation Administration Authorization Act of 1994. *See* 49 U.S.C. § 14501(c)(1). *Second*, Strive Logistics argues, even if federal law does not preempt Plaintiffs' claims, the Second Amended Complaint does not contain well-pleaded factual allegations that plausibly give rise to an entitlement to relief. Because the Court concludes that the Second Amended Complaint indeed does not contain enough facts to state any claim to relief that is plausible on its face against Strive Logistics, the Court will dismiss the claims against Strive Logistics and therefore will not opine on the preemption argument.

## II.     Standard

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If the plaintiff fails to do so adequately, Rule 12(b)(6) allows a party to move to dismiss a purported claim that "fail[s] to state a claim upon which relief can be granted." To

survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). The factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package System, Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and must grant all reasonable inferences in favor of the nonmoving party, *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010). Although courts must accept all factual allegations within the complaint as true at the motion to dismiss stage, courts are not bound to take as true "a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 677–78; *accord Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, "[c]ourts should dismiss complaints based on 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Twombly*, 550 U.S. at 555).

### III.     Discussion

Plaintiffs allege they were traveling eastbound on Interstate 44 in the cab of a tractor-trailer when, during inclement weather, Defendant Hobbs lost control of his vehicle and crashed into the tractor-trailer in which Plaintiffs were. "At or about the same time and place," Defendant Stojkovic lost control of the tractor-trailer he was driving on Interstate 44, and he also crashed into the tractor-trailer in which Plaintiffs were. Doc. [47] ¶ 21. Viktor Express "and/or" BBCL Freight owned the "tractor and/or trailer" Defendant Stojkovic operated, *id.* ¶ 29, and

Strive Logistics, which is "a broker" within the meaning of the Federal Motor Carrier Safety Regulations, "acted as a joint venturer" with Viktor Express "and/or" BBCL Freight, *id.* ¶ 28. Plaintiffs further allege that Defendant Stojkovic "was acting within the course and scope of his employment" for Viktor Express "and/or" Strive Logistics "and/or" BBCL Freight. *Id.* ¶ 30.

In their "vicarious liability" claim against Strive Logistics, Plaintiffs state that, "as a broker and/or joint venturer," Strive Logistics "exhibited control of" Defendant Stojkovic, *id.* ¶ 67, and Strive Logistics is "vicariously liable" to Plaintiffs for the negligence of Defendant Stojkovic "based upon the doctrines of agency and respondeat superior," *id.* ¶ 68. In their "direct negligence negligent hiring and/or training and/or supervision" claim against Strive Logistics, Plaintiffs assert that Strive Logistics "was negligent in hiring" Defendant Stojkovic, that Strive Logistics's "negligence in hiring" him "was the sole and proximate cause of the collision," and that Strive Logistics's "conduct" demonstrates "deliberate and flagrant disregard for the safety of others." *Id.* ¶¶ 70–72. That is the entire extent of the allegations against Strive Logistics, and, with that, it is easy to see why Strive Logistics argues Plaintiffs have not pleaded sufficient facts that establish a claim for relief plausible on its face against it.

In response, Plaintiffs begin their argument that they have stated a claim by citing to *Gardner v. First American Title Insurance Co.*, 294 F.3d 991, 994 (8th Cir. 2002). That citation does not bode well for Plaintiffs' argument that they have stated a claim. The Court of Appeals for the Eighth Circuit decided *Gardner* years before the Supreme Court's opinions in *Twombly* and *Iqbal*. *Gardner* accurately described the permissive pleading regime of *Conley v. Gibson*, but *Twombly* retired that regime. *See Conley v. Gibson*, 355 U.S. 41, 42 (1957), *abrogated by Twombly*, 550 U.S. at 561–63; *see also Hawse v. Page*, 7 F.4th 685, 689 n.6 (8th Cir. 2021). Under *Twombly*, a plaintiff must plead "more than labels and conclusions." 550 U.S. at 555.

Plaintiffs must provide "[f]actual allegations," which "must be enough to raise a right to relief above the speculative level." *Id.* Here, Plaintiffs have provided only labels and conclusions bereft of any facts relevant to Strive Logistics.

Plaintiffs argue in response to the Motion to Dismiss that they "have no ability at this time to plead specific[1] facts" because, when they drafted their Second Amended Complaint, Plaintiffs had "not been permitted to engage in discovery" regarding the claims. Doc. [76] at 8–9. But Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. The question before the Court at this stage is whether Plaintiffs have "adequately asserted facts (as contrasted with naked legal conclusions) to support [their] claims." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012). Plaintiffs have not done so here.

On their claim against Strive Logistics for "vicarious liability," Count IX, Plaintiffs pleaded no facts whatsoever to establish that Strive Logistics "exhibited control" over Defendant Stojkovic or that Strive Logistics was a "joint venturer" of Defendant Stojkovic. Plaintiffs' conclusory statements, on their own, have no legal effect. *See Reichel Foods, Inc. v. Proseal Am., Inc.*, 0:19-cv-02604-ECT, 2020 WL 2572707, at *1 (D. Minn. May 21, 2020) (granting a motion under Rule 12(b)(6) because plaintiff "failed to plead *facts* essential to its joint-venture theory of liability" (emphasis added)); *Xenos, Inc. v. Tilly's, Inc.*, 8:13-cv-202, 2013 WL 5539367, at *3 (D. Neb. Oct. 7, 2013) (noting a plaintiff's "mere conclusory allegation that a joint venture existed is insufficient under the pleading standards of *Iqbal* and *Twombly*" and

---

[1] The issue is not that Plaintiffs failed to plead *specific* facts but rather that they failed to plead *any* facts at all related to certain integral elements necessary to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. 544, 570 (2007) ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) ("Specific facts are not necessary[.]"); *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." (internal quotations and citations omitted)).

collecting cases); *cf. Smith v. Gregg*, 946 S.W.2d 807, 810 (Mo. Ct. App. 1997) (finding petition did not establish that defendants engaged in a joint venture though plaintiff specifically pleaded that defendants "engaged in a joint venture"). In sum, Plaintiffs have pleaded no facts whatsoever that, when assumed true, establish Strive Logistics had any legal relationship with Defendant Stojkovic, or any amount of control over Defendant Stojkovic, let alone a relationship or degree of control that would make Strive Logistics vicariously liable for Defendant Stojkovic's negligence.

The same defect blights Plaintiffs' Count X for "direct negligence negligent hiring and/or training and/or supervision." Count X alleges that Strive Logistic was "negligent in hiring" Defendant Stojkovic and "entrusting him to drive a tractor trailer," but it provides no facts at all. Doc. [47] ¶ 70. While *Twombly* made clear that "a formulaic recitation of the elements of a cause of action will not do," 550 U.S. at 555, Plaintiffs failed even to do that much for Count X. A negligent hiring claim under Missouri law "turns on whether there are facts from which the employer knew or should have known of a particular dangerous proclivity of an employee followed by employee misconduct consistent with such dangerous proclivity by the employee." *Braxton v. DKMZ Trucking, Inc.*, 4:13-cv-1335-JCH, 2013 WL 6592771, at *2 (E.D. Mo. Dec. 16, 2013) (quoting *McHaffie ex rel. McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. banc 1995)); *see also Gaines v. Monsanto Co.*, 655 S.W.2d 568, 571 (Mo. Ct. App. 1983) (noting it was "necessary" to "allege that defendant knew or should have known of [its employees] dangerous proclivities" in order to state a cause of action for negligent hiring or retention). The Second Amended Complaint does not name a single dangerous proclivity that Defendant Stojkovic has or had. It identifies none whatsoever. Unsurprisingly, then, it likewise does not plead any facts at all that even hint that Strive Logistics knew or should have known of this unnamed proclivity

or that Defendant Stojkovic's action or inaction in the incident underlying this case was consistent with that unnamed proclivity. Consequently, Count X fails to state a claim upon which relief can be granted.

## Conclusion

Because Plaintiffs have not nudged their claims against Strive Logistics across the line from conceivable to plausible, their claims against it must be dismissed. *See Twombly*, 550 U.S. at 570.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Strive Logistics, LLC's Motion to Dismiss, Doc. [69], is **GRANTED**. A separate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 20th day of October, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE