UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK GIRARDEAU, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-cv-01265-MTS |
| | ) | |
| JACK ANDREW HOBBS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Viktor Express, Inc.'s ("Viktor Express") Motion to Dismiss, Doc. [50], which seeks to dismiss Count V of the Second Amended Complaint, Doc. [47], pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the Court will grant the Motion and dismiss Count V's claim for "negligent hiring and/or training and/or supervision" against Viktor Express.

**I.    Background**

In February 2018, Plaintiffs Mark and Rosemary Girardeau were in the cab of a tractor-trailer traveling on Interstate 44 in Phelps County, Missouri when two vehicles struck the tractor-trailer in which Plaintiffs were. Plaintiffs subsequently filed this action asserting multiple claims against multiple Defendants. In Counts I and II, they assert negligence claims against the drivers of each vehicle that struck the vehicle in which Plaintiffs were, Defendant Jack Andrew Hobbs and Defendant David Stojkovic, respectively. In Count III through V, they assert claims against Viktor Express, which they allege employed Defendant Stojkovic. Specifically, Count III asserts a claim of "vicarious liability," Count IV asserts "statutory employment/logo/lease liability," and Count V asserts "direct negligence negligent hiring and/or training and/or supervision." Doc. [47] at 8–10 (capitalization altered). Counts VI through VIII asserted claims against BBCL

Freight, LLC ("BBCL Freight"), but Plaintiffs have since dismissed, without prejudice, their claims against BBCL Freight. *See* Doc. [89]. Finally Counts IX and X assert claims for "vicarious liability" and "direct negligence negligent hiring and/or training and/or supervision," respectively, against Defendant Strive Logistics, Inc. ("Strive Logistics").[1] *Id.* at 12–13 (capitalization altered). Plaintiffs allege that Strive Logistics was "a broker" and "acted as a joint venturer" with BBCL Freight "and/or" Viktor Express. *Id.* ¶¶ 28, 67.

In the instant Motion, Viktor Express seeks the dismissal of only the claim against it for "negligent hiring and/or training and/or supervision" (Count V) because, it says, Plaintiffs have failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). *First*, Viktor Express argues that, as to Count V, the Second Amended Complaint pleaded only conclusions with no supporting factual allegations that plausibly state a claim for relief. *Second*, Viktor Express argues that, since it has admitted in its Answer to the other Counts that Defendant Stojkovic was acting within the course and scope of his employment with Viktor Express when the incident at issue occurred, *see* Doc. [52], Plaintiffs' claim for negligent hiring, training, or supervision against Viktor Express is barred under Missouri law. *See McHaffie ex rel. McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. banc 1995).

II.     **Standard**

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If the plaintiff fails to do so adequately, Rule 12(b)(6) allows a party to move to dismiss a purported claim that "fail[s] to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter,

---

[1] Contemporaneously with this Memorandum and Order, the Court granted the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Strive Logistics and, therefore, dismissed Plaintiffs' claims against it. *See* Doc. [101].

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). The factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package System, Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and must grant all reasonable inferences in favor of the nonmoving party, *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010). Although courts must accept all factual allegations within the complaint as true at the motion to dismiss stage, courts are not bound to take as true "a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 677–78; *accord Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, "[c]ourts should dismiss complaints based on 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Twombly*, 550 U.S. at 555).

**III.**   **Discussion**

Plaintiffs allege they were traveling eastbound on Interstate 44 in the cab of a tractor-trailer when, during inclement weather, Defendant Hobbs lost control of his vehicle and crashed into the tractor-trailer in which Plaintiffs were. "At or about the same time and place," Defendant Stojkovic lost control of the tractor-trailer he was driving on Interstate 44, and he also crashed into the tractor-trailer in which Plaintiffs were. Doc. [47] ¶ 21. Viktor Express "and/or" BBCL Freight owned the "tractor and/or trailer" Defendant Stojkovic operated. *Id.* ¶ 29. Plaintiffs further allege that Defendant Stojkovic "was acting within the course and scope of his employment" for Viktor Express "and/or" Strive Logistics "and/or" BBCL Freight. *Id.* ¶ 30.

In their "direct negligence negligent hiring and/or training and/or supervision" claim against Viktor Express, Plaintiffs assert that Viktor Express "was negligent in hiring" Defendant Stojkovic, "negligent in failing to properly train" him, and "negligent in failing to properly supervise" him. *Id.* ¶¶ 50–52. Plaintiffs further state that Viktor Express "entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, *id.* ¶ 53, and that Viktor Express's "conduct" demonstrates "deliberate and flagrant disregard for the safety of others," *id.* ¶ 54.

The question before the Court at this stage is whether Plaintiffs have "adequately asserted facts (as contrasted with naked legal conclusions) to support [their] claims." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012). Plaintiffs have not done so here. Count V puts forth multiple conclusions, but that is it. *See, e.g.*, Doc. [47] ¶ 50 (simply stating Viktor Express "was negligent in hiring" Defendant Stojkovic). While *Twombly* made clear that "a formulaic recitation of the elements of a cause of action will not do," 550 U.S. at 555, Plaintiffs failed even to do that much for Count V. A negligent hiring claim under Missouri law "turns on whether there are facts from which the employer knew or should have known of a particular dangerous proclivity of an employee followed by employee misconduct consistent with such dangerous proclivity by the employee." *Braxton v. DKMZ Trucking, Inc.*, 4:13-cv-1335-JCH, 2013 WL 6592771, at *2 (E.D. Mo. Dec. 16, 2013) (quoting *McHaffie*, 891 S.W.2d at 826); *see also Gaines v. Monsanto Co.*, 655 S.W.2d 568, 571 (Mo. Ct. App. 1983) (noting it was "necessary" to "allege that defendant knew or should have known of [its employees] dangerous proclivities" in order to state a cause of action for negligent hiring or retention). The Second Amended Complaint does not name a single dangerous proclivity that Defendant Stojkovic has or had.[2]

---

[2] In Plaintiffs' Response in Opposition to Viktor Express's Motion to Dismiss, Plaintiffs argue that the Federal Motor Carrier Safety Act imposes duties on interstate motor carriers, and Plaintiffs conclusorily state Viktor Express

Unsurprisingly, then, it likewise does not plead any facts at all that even hint that Viktor Express knew or should have known of this unnamed proclivity or that Defendant Stojkovic's action or inaction was consistent with that unnamed proclivity. Consequently, Count V fails to state a claim upon which relief can be granted.

## CONCLUSION

Because Plaintiffs have not nudged their claim against Viktor Express in Count V "across the line from conceivable to plausible, their claim against it in Count V must be dismissed. *See Twombly*, 550 U.S. at 570.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Viktor Express, Inc.'s Motion to Dismiss, Doc. [50], is **GRANTED**. A separate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 20th day of October, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

was one. Doc. [53-1] at 4. But nowhere does Plaintiffs' Second Amended Complaint allege something that Viktor Express did or failed to do. For example, Plaintiffs' Response says Viktor Express must "[m]ake investigations and inquiries with respect to each driver employer," *id.*, but the Second Amended Complaint fails to allege that Viktor Express failed to make investigations and inquiries with respect to Defendant Stojkovic. The Second Amended Complaint fails to allege any facts at all regarding what Viktor Express did or failed to do.

[3] Because the Court has concluded that Plaintiffs failed to state a claim against Viktor Express in Count V, it need not decide the merits of Viktor Express's other proposed ground for dismissal under *McHaffie ex rel. McHaffie v. Bunch*, 891 S.W.2d 822, 826–27 (Mo. banc 1995). But the Court will note that, while Plaintiffs point out that the general rule set forth in *McHaffie* does not apply where punitive damages are sought against the employer, see *Wilson v. Image Flooring, LLC*, 400 S.W.3d 386, 393 (Mo. Ct. App. 2013), that only would matter if Plaintiffs properly pleaded *facts* that support a claim for punitive damages, see *Beaulieu v. Lam*, 1:19-cv-00042-ACL, 2019 WL 11272916, at *5 (E.D. Mo. Oct. 7, 2019) (noting a plaintiff must "plead enough facts to state a claim for punitive damages that is plausible on its face"); cf. 34 Robert H. Dierker & Richard J. Mehan, *Missouri Practice Series: Personal Injury and Torts Handbook* § 32:7 (2022 ed.) (explaining that when an employer admits vicarious liability, it is "insufficient" for a plaintiff to get around *McHaffie*'s general rule by "merely [alleging] that the employer's hiring or retention of an employee was outrageous, malicious, etc." because a plaintiff must allege *facts* "showing such conduct" to support a claim for punitive damages).