UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK GIRARDEAU, *et al.*, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:21-cv-01265-MTS |
| JACK ANDREW HOBBS, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss, Doc. [120], filed by Defendant Strive Logistics, LLC ("Strive"), which seeks dismissal of both claims against it in Plaintiffs' Third Amended Complaint. This action stems from an automobile collisions that allegedly involved a tractor-trailer driven by Defendant Stojkovic who was delivering a load pursuant to an arrangement brokered by Strive.[1] Plaintiffs bring two counts against Strive, a claim for vicarious liability in Count V and a claim for negligent hiring/selection in Count VI.

Relevant to their negligent hiring/selection claim, Plaintiffs allege that Strive was "a broker within the meaning of, and subject to, the provisions of the [Federal Motor Carrier Safety Regulations]," Doc. [115] ¶ 25, and that Strive selected Defendant Viktor Express—who employed  Defendant Stojkovic—to transport the load on the tractor-trailer at the time of the collision, *id.* ¶¶ 27, 29. Plaintiffs allege that, at the time of the collision, Strive was "acting as a licensed freight broker for its own financial gain, negligently selected and hired Defendant Stojkovic and Defendant Viktor Express to transport a load." *Id.* ¶ 54. Plaintiffs further allege that "Strive had a duty to properly exercise its discretion as a licensed freight broker in arranging

---

[1] For a more detailed recitation of the facts, see *Girardeau v. Hobbs*, 4:21-cv-01265-MTS, 2022 WL 11736738, at *1 (E.D. Mo. Oct. 20, 2022) (granting Strive's Motion to Dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted).

for transportation of a load of goods by a fit, safe, and competent driver and/or operator" and "had a duty to properly exercise its discretion as a licensed freight broker in arranging for transportation of a load of goods by a fit, safe, and competent motor carrier." *Id.* ¶¶ 55–56.

In Strive's Motion to Dismiss now before the Court, it argues that Plaintiffs have failed to plausibly plead any claim against it. Strive further argues that the Federal Aviation Administration Authorization Act of 1992 ("FAAAA") bars Plaintiffs' claims against Strive, 49 U.S.C. § 14501(c)(1), and that the FAAAA's safety exception in § 14501(c)(2)(A) does not save Plaintiffs' claims from preemption. The Court carefully has reviewed the Third Amended Complaint, Strive's Motion to Dismiss and Memorandum in Support, Plaintiffs' Response in Opposition, and Strive's Reply. In addition, the Court has reviewed Strive's First Supplementary Citation of New Authority, Plaintiffs' Response thereto, and Strive's Reply. The Court also reviewed Strive's Second Supplementary Citation of New Authority, to which Plaintiffs filed no response.

The supplementary citations of new authority fit squarely within the allegations of this case—especially *Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453 (7th Cir. 2023), the second supplemental citation to which Plaintiffs filed no response. In *Ye*, the United States Court of Appeals for the Seventh Circuit was presented with the same question of preemption under the Federal Aviation Administration Authorization Act as to the claim for negligent hiring that is present here. 74 F.4th at 455. In that case, a widower sought to recover against a freight broker following the death of her husband in a highway accident. She claimed the freight broker negligently hired the motor carrier that employed the driver of the truck that caused the accident. The district court concluded both that the FAAAA's express preemption provision in 49 U.S.C. § 14501(c)(1) barred the widower's claim and that the FAAAA's safety exception in

§ 14501(c)(2)(A) did not save the claim. The panel unanimously agreed with the district court and affirmed the judgment.[2] This Court finds *Ye*'s thorough reasoning highly persuasive.

Consistent with *Ye*, the Court concludes that the plain text and statutory scheme indicate that 49 U.S.C. § 14501(c)(1) bars Plaintiffs' negligent hiring/selection claim in Count VI as pleaded against Strive, and that the FAAAA's safety exception in § 14501(c)(2)(A) does not save the claim from preemption. *Ye*, 74 F.4th at 466; *see also Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1268, 1267, 1272 (11th Cir. 2023) (concluding negligence claim against a broker for selection of the shipping carrier was barred by the FAAAA's express preemption provision and was not saved by the FAAAA's safety exception). Therefore, the Court will dismiss Count VI against Strive.

As to Plaintiffs' claim against Strive for vicarious liability, Count V, the Court concludes that Plaintiffs have pleaded a plausible claim against Strive for vicarious liability that may not be preempted given Plaintiffs' allegations that Strive performed actions beyond those typical of a mere broker. *See Ye v. Glob. Sunrise, Inc.*, 1:18-cv-01961, 2020 WL 1042047, at *4–5 (N.D. Ill. Mar. 4, 2020) (dismissing negligent hiring claim against broker as preempted but declining to dismiss vicarious liability claim against broker at motion to dismiss stage); *see also Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1031 (9th Cir. 2020) (Fernandez, J., concurring in part and dissenting in part) ("[A broker] and the services it provides have no direct connection to motor vehicles or their drivers."). Thus, the Court declines to dismiss the vicarious liability claim against Strive, Count V, at this stage.

Accordingly,

---

[2] After the release of the panel's opinion and judgment, plaintiff-appellant filed a petition for rehearing and rehearing *en banc* with the Court of Appeals for the Seventh Circuit. No Judge in regular active service requested a vote on the petition for rehearing *en banc*, and all members of the original panel voted to deny panel rehearing.

**IT IS HEREBY ORDERED** that Defendant Strive Logistics, LLC's Motion to Dismiss, Doc. [120], is **GRANTED in part** and **DENIED in part** consistent with this Memorandum and Order. Count VI of the Third Amended Complaint is **DISMISSED**. Defendant Strive Logistics, LLC shall have the prescribed time to file its Answer to Plaintiffs' Third Amended Complaint.

Dated this 21st day of August 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE